IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RIGOVERTO AYALA,　　　　　　　　　　　　　　　　2:13-cv-00927-MA

　　　　　　Petitioner,　　　　　　　　　　　　　OPINION AND ORDER

　　v.

RICK COURSEY,

　　　　　　Respondent.

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

　　　　Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Nick M. Kallstrom
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

　　　　Attorneys for Respondent

MARSH, Judge

　　　　Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28

1 -- OPINION AND ORDER

U.S.C. §2254. For the reasons set forth below, petitioner's habeas petition (#2) is DENIED.

## BACKGROUND

On February 12, 2009, petitioner was convicted pursuant to his guilty plea of three counts of Rape in the First Degree, eight counts of Sodomy in the First Degree, and two counts of Sexual Abuse in the First Degree. Petitioner entered his guilty plea only after the prosecution presented its evidence, including the testimony of petitioner's daughter (the victim in this case).

After his conviction, petitioner did not file a direct appeal. The time for filing an appeal expired on March 16, 2009. Almost two years later, on or about December 27, 2010, petitioner filed a state post-conviction proceeding. Resp. Exh. 104. In that proceeding, petitioner argued that he entered his guilty plea due to the overwhelming pressure of defense counsel. Resp. Exh. 106. On January 17, 2012, the post-conviction court denied relief. Resp. Exh. 119. The Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review. The appellate judgment was issued on May 21, 2013. Resp. Exh. 127.

On or about May 23, 2013, petitioner filed the instant proceeding. Respondent moves the court to deny the petition on the basis that it is time barred.

///

///

2 -- OPINION AND ORDER

## DISCUSSION

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." In the instant proceeding, it is uncontested that the limitation period began to run on March 16, 2009 (the date the time for seeking appellate review expired). 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period expired *prior* to the date petitioner filed his state post-conviction proceeding. Petitioner argues, however, that the limitation period should be equitably tolled because he is actually innocent.

The Supreme Court has recognized actual innocence as a basis for tolling the limitation period provided that, in light of all the evidence (old and new), it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013); Stewart v. Cate, 2013 WL 5859987 *5 (9th Cir. Nov. 1, 2013). However, tenable showings of actual innocence are rare, and require this court to determine whether, in light of the new evidence, "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Perkins, 133 S.Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); Stewart, 2013 WL 5859987 *8.

3 -- OPINION AND ORDER

Petitioner offers no evidence to support his claim of actual innocence. Instead, petitioner simply moves the court to permit him to "personally address the Court on the reasons he pled guilty notwithstanding his innocence." Because petitioner has neither presented evidence (new or otherwise) to support his claim of actual innocence, petitioner's request for an evidentiary hearing is denied. See Stewart, 2013 WL 5859987 *9 (evidentiary hearing not necessary where, even if petitioner's new evidence is fully credited, petitioner would not be entitled to relief); Johnson v. Singh, 2013 WL 5649076 (9th Cir. Oct. 17, 2013) (unpublished) (evidentiary hearing not necessary because petitioner failed to show that such a hearing would produce evidence establishing actual innocence). Further, because equitable tolling is not warranted, petitioner's habeas petition is dismissed as untimely.

## CONCLUSION

Based on the foregoing, petitioner's habeas petition (#2) is DENIED on the basis that it is untimely. This proceeding is DISMISSED, with prejudice.

///

///

///

///

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 22 day of November, 2013.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge